J. S76024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
              v.   :
   :
LESTER DAVIS,   :
   :
         Appellant   :   No. 3440 EDA 2015

Appeal from the Judgment of Sentence October 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002581-2015

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:    **FILED DECEMBER 23, 2016**

Appellant, Lester Davis, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following his convictions after a bench trial of Aggravated Assault, Possessing an Instrument of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person.[1] After careful review, we affirm.

The relevant facts, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion, are as follows. On February 6, 2015, Appellant became angry with the victim and grabbed him by the collar. Appellant forced the victim to the ground, put his knee on his chest, held the victim down, and repeatedly hit

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(4); 18 Pa.C.S. § 907; 18 Pa.C.S. § 2706; 18 Pa.C.S. § 2701; and 18 Pa.C.S. § 2705, respectively.

the victim with his hand. A third party intervened and Appellant left the room and retrieved a folding pocketknife. Appellant continued his attack and repeatedly hit the victim in the face while holding the knife in his hand. Appellant stated that he was going to kill the victim while repeatedly punching him. The victim sought treatment at the hospital, and medical personnel closed a laceration over his eye with adhesive. Trial Court Opinion, filed 2/16/16, at 2-3.

Following a bench trial, the trial court convicted Appellant of Aggravated Assault, Possessing an Instrument of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person. On October 16, 2015, the trial court imposed an aggregate term of three to six years' incarceration, followed by two years' probation.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Was not the evidence insufficient to support the verdict of guilty of aggravated assault, 18 Pa.C.S. § 2702(a)(4) graded as a felony of the second degree, inasmuch as the Commonwealth failed to demonstrate that appellant attempted to cause or intentionally or knowingly caused bodily injury with a deadly weapon?

Appellant's Brief at 3.

We review challenges to the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the

fact-finder to find every element of the crime beyond a reasonable doubt."

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014).

The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Id***. at 40. Moreover, the trier of fact may base a conviction solely on circumstantial evidence. ***Id***. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. ***Id***.

The Crimes Code defines aggravated assault as follows:

**§ 2702. Aggravated assault**

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

\* \* \*

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa.C.S. § 2702(a)(4).

The Crimes Code defines "deadly weapon" as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301. "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk or death or which causes serious, permanent

disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

For purposes of an aggravated assault charge, "an 'attempt' is found where an accused who possesses the required specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another. An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*) (internal citations omitted).

The trial court addressed Appellant's sufficiency challenge in its Pa.R.A.P. 1925(a) Opinion as follows:

> There is no question that the knife specially retrieved from upstairs by [Appellant] to continue his assault on [] Brown is a deadly weapon. Nonetheless, [Appellant] argued at trial that since there was no evidence that the knife was deployed to cut, the evidence was insufficient to establish possession of a deadly weapon. This attempt to redefine the knife to make it other than a deadly weapon is unavailing.
>
> There was sufficient circumstantial evidence for this Court to conclude both that [Appellant] attempted to cause bodily injury with the knife, and that he did use it to cause bodily injury. Brandishing a knife, while threatening to kill Brown, then striking him in the face and head while holding the knife in his hand, was sufficient to establish the requisite attempt.
>
> That the witnesses cannot say that the knife blade actually caused the cut over [] Brown's eye is of no moment. The evidence, and reasonable inferences therefrom, when read in the light most favorable to the Commonwealth as verdict winner, permit the inference that the cut over Brown's eye was caused by the knife. [] Further, even if the knife did not actually cause the cut, the evidence is sufficient to demonstrate that the knife

in [Appellant's] hand played a role in the bodily injury that his blows actually caused [] Brown.

Trial Court Opinion at 5 (citation omitted).

We agree with the trial court's assessment. In the instant case, there was sufficient evidence to support Appellant's conviction for Aggravated Assault with a deadly weapon. Appellant repeatedly punched the victim with a knife in his clenched fist while threatening to kill the victim. Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of the offense. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/23/2016*